UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI M. KIM,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 20-cv-08737-AGT<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 15, 16 |

If the claimant in a social-security disability case says she has limitations (e.g., she's bedridden), but her daily activities suggest otherwise (e.g., she runs for thirty minutes per day), the presiding ALJ may discount or reject the claimant's testimony, based on a lack of credibility. The ALJ may take this step though only if there's an actual inconsistency between limitations and activities. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). A finding of inconsistency must also be convincing to withstand judicial review. *See id.* at 1014–16. Here, in Heidi Kim's disability case, the ALJ made a credibility finding of the type outlined, and the question on review is whether that finding was convincing. As explained below, it was not.

Kim testified that due to diagnosed pulmonary conditions (emphysema, chronic bronchitis, chronic obstructive pulmonary disease) she wasn't able to work during the relevant period. She said she had trouble breathing, which left her feeling weak and distracted. She also said she spent most of the day lying down; and if she needed to be on her feet, then after 30 to 60 minutes of standing she would need to lie down for 15 to 30 minutes to improve her breathing. *See* AR 18, 50–54, 266.

The ALJ found Kim's testimony to be inconsistent with her reported activities. Kim, the ALJ explained, testified that "she must lie down for 15 to 30 minutes after being on her feet . . . but she did her own grocery shopping;" she testified that "she felt very weak and . . . not able to concentrate but she could prepare meals, wash dishes and do laundry." AR 20. Based on these findings, the ALJ discounted Kim's testimony and concluded that Kim could still work.

The ALJ, in effect, determined that someone with Kim's stated limitations couldn't possibly do her own grocery shopping, cooking, or laundry. That finding wasn't convincing. Grocery shopping isn't a labor-intensive all-day activity; Kim could have done it and still spent most of the day lying down, as she testified to doing. Feasibly, Kim also could have completed her grocery shopping in one hour or less, such that she'd be able to lie down after being on her feet for 30 to 60 minutes, as she said she needed to do. As for preparing meals, washing dishes, and doing laundry, these basic tasks can be done without much stamina or strength; and they're even less demanding when performed by someone who lives alone, as Kim did. *See* AR 51. Even if Kim was weak and had trouble concentrating and often needed to lie down, she still could have done these household chores.

In defending the ALJ's assessment of Kim's activities, the Social Security Commissioner relies on *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012), and *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685 (9th Cir. 2009). In both those cases, an ALJ pointed to inconsistencies between a claimant's subjective complaints, on the one hand, and daily activities, on the other, in discounting the claimant's testimony and denying benefits. Those decisions were then affirmed.

The Commissioner contends that the same result should follow here, but this argument overlooks that in *Molina* and *Valentine*, unlike here, there were pronounced discrepancies between the claimant's alleged limitations and daily activities. The claimant in *Molina* told the ALJ she couldn't tolerate "even minimal human interaction," but she admitted to walking her grandchildren to school, attending church, and shopping. *Molina*, 674 F.3d at 1113. In *Valentine*, the claimant told the ALJ he had debilitating fatigue but admitted to going to the gym and engaging in "target shooting, snow skiing, . . . [and] gardening." *Valentine v. Astrue*, No. 07-34-KI, 2008 WL 11432165, at *6 (D. Or. Mar. 3, 2008); *see also Valentine*, 574 F.3d at 693.

Here there was nothing similar. Kim told the ALJ she felt weak and distracted and frequently needed to lie down. She also told the ALJ she did her own grocery shopping, cooking, dish washing, and laundry. As explained above, these were not inconsistent statements.

The ALJ's analysis of Kim's activities wasn't convincing. And the ALJ didn't provide any

other rationale sufficient to support his decision to discount Kim's testimony.[1] As a result the ALJ erred, and his decision denying benefits must be vacated. (Kim's motion for summary judgment is granted and the Commissioner's cross-motion is denied.) Conflicts and ambiguities exist in the record, so the case is remanded for further proceedings, not for payment of benefits. *See Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: March 2, 2022

ALEX G. TSE
United States Magistrate Judge

---

[1] The ALJ did find a lack of medical evidence substantiating the severity of Kim's symptoms, *see* AR 20, but it's undisputed that "an ALJ may not reject a claimant's [testimony about her] subjective complaints based solely on a lack of [corroborating] medical evidence." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ needed to identify some other, convincing reason for discounting Kim's testimony, but didn't.